UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBA MARROQUIN DE PORTILLO, individually and as successor in interest to her deceased son, Lester Daniel Marroquin,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, LA CRESHEIA LEE, BRYCE ROLLER, OMAR ORTEGA, IVA NANUSEVIC, MICHAEL CAMPOS, JOSEPH GIESEMAN, ADRIEN CARRILLO, BENJAMIN NAZERIAN, and DOES 9–20, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-00978-WQH-VET<br><br>**ORDER GRANTING IN PART JOINT MOTION TO MODIFY THE SCHEDULING ORDER** |

     Before the Court is the parties Joint Motion Regarding Defendants' Request to Modify the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Joint Motion"). Doc. No. 93. Therein, Defendants request the Court continue all remaining deadlines in the case by ninety (90) days. *Id.* at 13. Defendants represent the continuance is necessary to complete remaining depositions, collect relevant records previously unknown to Defendants, and resolve outstanding discovery disputes. *See id.* at 6–12. Defendants argue good cause exists for the requested extension given diligent discovery efforts in the preceding fact discovery period and previously unknown discovery relevant to the case. *Id.* Plaintiff partially opposes Defendants' requested extension, arguing that Defendant already had more than sufficient time and notice to conduct relevant fact discovery. *Id.* at 17–19. However, Plaintiff acknowledges outstanding discovery disputes in this case and does not oppose a thirty (30) day extension accordingly. *Id.* at 20. This is the parties' second request for a continuance. *See* Doc. No. 65.

     The Court acknowledges that an extension of deadlines is appropriate given pending discovery disputes and the outstanding discovery that remains to be completed. However, given the time previously allotted for discovery, the Court finds that a **<u>sixty (60) day extension</u>** as to fact discovery and other remaining case deadlines is warranted. Accordingly, based on a review of the Joint Motion and the record, and good cause appearing, the Court **GRANTS IN PART** the Joint Motion. The Court **ORDERS** the following:

     1.    All dates and deadlines set forth in the Court's prior order dated July 25, 2024 are hereby **VACATED**. *See* Doc. No. 65.

     2.    All fact discovery shall be completed by all parties by **February 25, 2025**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes

in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

3. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **March 13, 2025** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

    a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

    b. **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to

1  the government attorney who participates in the ENE (i) has primary responsibility for
2  handling the case, and (ii) may negotiate settlement offers that the attorney is willing to
3  recommend to the government official having ultimate settlement authority.

4          c.      **Confidential Settlement Brief.** No later than **seven (7) calendar days**
5  before the MSC, each party must lodge a Confidential Settlement Brief by email to
6  efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten
7  (10) pages, excluding exhibits, and must be formatted according to the requirements of
8  Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-
9  page exhibits and must highlight the relevant portions.

10          d.      **Contents of Settlement Brief.** All Confidential Settlement Briefs shall
11  include the content specified in the Court's Chambers Rules, available at
12  https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

13          e.      **Procedure for Zoom Videoconference.** No less than two (2) business
14  days prior to the MSC, the Court will email counsel of record an invitation with the Zoom
15  meeting information. Participants can join the Zoom video conference by following the
16  ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each
17  participant should plan to join the Zoom video conference *at least five (5) minutes before*
18  the start of the MSC. Counsel is responsible for ensuring their clients can participate in the
19  MSC. All participants must display the same level of professionalism and attention during
20  the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the
21  Court, or otherwise distracted).

---

change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

4. The parties shall designate their respective experts in writing by **March 27, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained experts. The parties shall designate rebuttal experts in writing by **April 10, 2025**. The written expert designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide, including any summary of facts and opinions required by Fed. R. Civ. P. 26(a)(2)(C). The designations shall also include the normal rates the expert charges for deposition and trial testimony.

5. By **May 12, 2025**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **May 27, 2025**.

7. All expert discovery shall be completed by all parties by **June 25, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8. All pre-trial motions must be filed by **July 25, 2025**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **October 22, 2025**. However, **in jury trial cases before the Honorable William Q. Hayes, neither party is required to file Memoranda of Contentions of Fact and Law**.

10. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 22, 2025**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 29, 2025**. At this meeting, counsel shall discuss and attempt to e23nter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **November 5, 2025**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **November 12, 2025**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the Honorable William Q. Hayes on **November 19, 2025** at **9:00 a.m.**

15. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

19. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated: November 27, 2024

Honorable Valerie E. Torres
United States Magistrate Judge